UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TANYA M. BOECKMAN,

        Plaintiff,

  v.

ANDREW M. SAUL,

        Defendant.

Case No. 21-cv-530-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff's only listed source of income is $1,500 per month from "daughter." Id. at 2. The plaintiff lists monthly expenses totaling $1,150 ($550 rent, $600 other household expenses).

Id. Under other monthly expenses, the plaintiff lists $8,500 in "medical." Id. at 3. The court assumes that is not a monthly expense, rather it is total amount the plaintiff owes and that she makes some monthly payment toward that debt. The plaintiff owns a 2019 Toyota Corolla worth approximately $10,000, she does not own her home or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that the plaintiff was denied Social Security benefits for lack of disability, that she is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to federal law and regulations. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be

a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 27th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**